**WO**                                                                                            RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tommie Taylor, | ) | No. CV-05-487-PHX-MHM (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

Tommie Taylor (Plaintiff), presently confined in the Stiner Unit of the Arizona State Prison Complex - Lewis in Buckeye, Arizona (ASPC-Lewis), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[2]

_____

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Madison Street Jail in Phoenix, Arizona (Madison Jail).

[2] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time

**JDDL-K**

1    Plaintiff did not pay a filing fee, but filed a certified "Application To Proceed In

2  Forma Pauperis By A Prisoner Civil" (Non-Habeas) (Application To Proceed) and an

3  "Inmate Account Statement" (Account Statement) with his Complaint.

4    By Order filed January 13, 2006 (Document #3), the Court granted the Application

5  To Proceed and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00)

6  statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's

7  account for two (2) months preceding the filing of the Complaint, an initial partial filing fee

8  of fifty cents ($0.50) was assessed.

9    The Order also dismissed Plaintiff's Complaint (Document #1) without prejudice,

10  with leave to amend.  Plaintiff was given thirty (30) days from the filing date of the Order

11  to file an amended complaint on the Court-approved form included with the Order.

12    By separate Order filed January 13, 2006 (Document #4), the Maricopa County

13  Sheriff or his designee was required to send to the Clerk of the Court the initial partial filing

14  fee, and thereafter, payments from Plaintiff's trust account each time the amount in the

15  account exceeds ten dollars ($10.00), until the statutory filing fee of one hundred and fifty

16  dollars ($150.00) is paid in full.  28 U.S.C. § 1915(b)(2).

17    To date, neither the initial partial filing fee, nor the balance of the filing fee has been

18  paid.  In light of Plaintiff's transfer to the custody of the Arizona Department of Corrections

19  (ADOC), the initial partial filing fee and the balance of the filing fee will be reassessed by

20  separate Order for collection by the Director of the ADOC.

21              **MOTION TO EXTEND TIME TO AMEND COMPLAINT**

22    To date, Plaintiff has not complied with the Court's January 13, 2006 Order

23  (Document #3) by filing an amended complaint.  However, on February 15, 2006, Plaintiff

24  filed a "Motion to extend Time for filing Amended Complaint" (Document #7) (Motion).

25    In support of his Motion, Plaintiff alleges that he has very limited access to a library

26  and research materials.  (Motion at 1).  Good cause having been shown, Plaintiff's Motion

27  ──────────────────────

28  expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**                                    - 2 -

1  will be granted and Plaintiff will be given thirty (30) days from the filing date of this Order

2  to file an amended complaint on the Court-approved form included with the Court's January

3  13, 2006 Order.

4                                          **WARNING**

5          Plaintiff is warned that if he fails to timely comply with every provision of this Order,

6  this action will be dismissed without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258,

7  1260-61 (9th Cir.)(district court may dismiss action for failure to comply with any order of

8  the court), cert. denied, 506 U.S. 915 (1992).  Moreover, because the Complaint has been

9  dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting

10  the deficiencies identified in the Court's January 13, 2006 Order, the dismissal of this action

11  will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform

12  Act.  See 28 U.S.C. § 1915(g).

13          **IT IS THEREFORE ORDERED**:

14          (1)     That Plaintiff's "Motion to extend Time for filing Amended Complaint"

15  (Document #7) is GRANTED;

16          (2)  That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order

17  to file an amended complaint in order to state specific allegations of deprivation of

18  constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)

19  who participated in the activities alleged in his amended complaint, to state what injury he

20  has suffered as a result of the activities of the defendant(s), and to show how, prior to filing

21  this action, he exhausted his administrative remedies as to each of his claims for relief.  The

22  amended complaint must be retyped or rewritten in its entirety on the current, Court-

23  approved form included with the Court's January 13, 2006 Order (Document #3), may not

24  incorporate any part of the original Complaint by reference, and must contain Plaintiff's

25  original signature.  If Plaintiff fails to file the amended complaint on a current, Court-

26  approved form, the amended complaint will be stricken, and the action dismissed without

27  further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be clearly

28

**JDDL-K**                                          - 3 -

1   designated as an amended complaint on the face of the document;

2       (3)  That the Clerk of the Court is DIRECTED to enter a judgment of dismissal

3   without prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an

4   amended complaint within thirty (30) days from the filing date of this Order.  Upon entry of

5   judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter

6   indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

7       (4)  That a clear, legible copy of every pleading or other document filed SHALL

8   ACCOMPANY each original pleading or other document filed with the Clerk for use by the

9   District Judge or Magistrate Judge to whom the case is assigned.  <u>See</u> Rule 5.4, Local Rules

10  of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading**

11  **or document will result in the pleading or document being stricken without further**

12  **notice to Plaintiff**;

13      (5)  That at all times during the pendency of this action, Plaintiff SHALL

14  IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address

15  and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF

16  ADDRESS."  The notice shall contain only information pertaining to the change of address

17  and its effective date, except that if Plaintiff has been released from custody, the notice

18  should so indicate.  The notice shall not include any motions for any other relief.  Failure to

19  file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for

20  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21      DATED this 28th day of April, 2006.

22

23

24  _____

                 Mary H. Murguia

25             United States District Judge

26

27

28

**JDDL-K**                                     - 4 -