**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommie Taylor,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>　　　　　Defendants. | No. CV 05-0487-PHX-MHM (ECV)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio moved to dismiss for lack of exhaustion (Doc. #13). Plaintiff failed to respond. The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated when he was denied recreation because of the overcrowded conditions at the county jail[1] (Doc. #10). The Court ordered an answer to the Amended Complaint, and Defendant filed a Motion to Dismiss (Doc. ##11, 13). The Court informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc.

---

[1] Upon screening, the Court dismissed Maricopa County as a Defendant (See Order, Doc. #11).

#14). Plaintiff did not respond to the Motion to Dismiss. The time for filing a response has expired, and the motion is ready for ruling.

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #13). In support, Defendant submitted the affidavit of Susan Fisher, a Hearing Officer for inmate discipline and grievances (Ex. 1, Doc. #13). Fisher attested that, according to the sheriff's office grievance records, Plaintiff filed three grievances during his confinement at the jail (Fisher Aff. ¶ 4). She attested that two of these grievances concerned medical and psychological care and one involved spoiled food (Id.). Fisher avowed that Plaintiff did not submit any External Grievance Appeals – the last step in the grievance process – while he was in custody (Id. ¶ 5). In addition to the affidavit, Defendant submitted a copy of the Inmate Grievance Procedure, Policy DJ-3 (Ex. A, Doc. #13).

**II. Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendant filed the Motion to Dismiss, the Court informed Plaintiff of his obligation to respond to the motion, and that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #14). Despite these warnings, Plaintiff failed to respond to Defendant's motion. Plaintiff's failure to respond to the motion may be construed as a consent to the granting of it. However, the merits of Defendant's motion will be addressed.

**III. Legal Standard on Motion to Dismiss**

1        A prisoner must first exhaust "available" administrative remedies before bringing an
2 action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.
3 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the
4 administrative review process in accordance with the applicable rules. See Woodford v.
5 Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life,
6 Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through
7 the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

8        Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007).
9 Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v.
10 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement
11 in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
12 disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method
13 to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
14 Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

15 **IV. Analysis**

16        Defendant submitted evidence that a grievance system was available at the jail for
17 Plaintiff's claim (Fisher Aff. ¶ 3; Ex. A, Doc. #13). Contrary to Defendant's assertion in the
18 Motion to Dismiss, Plaintiff alleged in his Amended Complaint that he submitted a grievance
19 for his claim and appealed it to the highest level (See Doc. #13 at 2; Doc. #10 at 4). But
20 Defendant proffered evidence that the only grievances filed by Plaintiff during his
21 confinement were unrelated to the claim raised in this action (Fisher Aff. ¶ 4, Doc. #13).
22 Plaintiff was specifically informed that if Defendant's motion included admissible evidence
23 to support his claim of nonexhaustion, Plaintiff's action would be dismissed unless Plaintiff
24 submitted evidence – such as copies of grievances or sworn declarations – to rebut
25 Defendant's claim (See Order, Doc. #14 at 1-2). In failing to respond to the motion, Plaintiff
26 presented nothing to refute Defendant's evidence demonstrating that there is no record of any
27 grievances regarding overcrowding or any External Appeals filed by Plaintiff.

28        Based on the record before the Court, Plaintiff failed to exhaust his available

1 administrative remedies for his claim of lack of recreation due to overcrowding.
2 Accordingly, Defendant's motion will be granted.
3      **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #13) is **granted**.
4 Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court
5 shall enter a judgment of dismissal accordingly.
6      DATED this 8th day of March, 2007.

_____
Mary H. Murgula
United States District Judge